# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | | |
|---|---|---|
| **JULIA WASHINGTON,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:13-22752** |
| | ) | **(Criminal No. 2:12-0065)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Movant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on September 10, 2013 (Document No. 36) and a Memorandum in Support on September 20, 2013 (Document No. 39.). Having fully considered Movant's claims for relief under Section 2255, the record in the underlying criminal proceeding and the applicable law, the undersigned finds that Movant's claims are without merit and hereby respectfully recommends that her Section 2255 Motion be denied.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

On February 29, 2012, the United States filed an Information charging that from February, 2009, through March 19, 2010, Movant engaged in a conspiracy with others "to unlawfully obtain money to which they were not entitled by the submission of fraudulent claims for damages to AEP [American Electric Power Service Corporation, Inc.]" in violation of 18 U.S.C. §§ 1341, 1343, 1349

---

[1] An evidentiary hearing is unnecessary under 28 U.S.C. § 2255(b) because it is clear, as determined based upon a thorough examination of the record in the underlying criminal proceeding (Criminal No. 2:12-0065) and this matter, that Movant is not entitled to relief under Section 2255.

and 2. <u>United States v. Washington</u>, Criminal No. 2:12-0065, Document No. 1.[2] Represented by retained attorney Stephen L. Gaylock, Movant entered a plea of guilty to the charge on April 2, 2012. <u>Id.</u>, Document No. 10. The District Court sentenced Movant on August 27, 2012, to a 24 month term of incarceration and a three year term of supervised release. The Court also imposed a $100 special assessment and required Movant's payment of $558,412.36 in restitution to American Electric Power Company. <u>Id.</u>, Document Nos. 17 and 18. Movant did not appeal her conviction or sentence.[3] On October 30, 2012, attorney R. Lee Booten II filed a Notice of Appearance of Counsel "for the specified purpose of reviewing and evaluating the defendant's sentence, sentencing procedures, and pre-sentencing procedures in regards to the potential filing of a post-conviction habeas corpus petition, pursuant to Title 28 U.S.C. § 2255." Mr. Booten further requested "a stay of the imposition of [Movant's] sentence to aid her newly retained counsel in that evaluation." Document No. 24. Mr. Booten also filed a Motion for Delay of Report Date on October 30, 2012. Document No. 25. The District Court granted that Motion by Order filed on November 2, 2012, extending Movant's date for reporting to serve her term of incarceration from November 2 to November 9, 2012. (Document No. 34.) On September 10, 2013, Movant, acting *pro se*, filed her Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and on September

---

[2] According to the Presentence Investigation Report [PSR] (Document No. 21.), nine other persons were charged with participating in the fraudulent scheme. (*Id.*, pp. 3 - 4.) The PSR includes a Foreseeability Diagram (*Id.*, p. 54.) indicating Movant at a hub in the conspiracy and states that Movant "actively recruited or had a hand in recruiting"ten persons into the scheme. (*Id.*, ¶ 96.)

[3] By her written plea agreement, Movant agreed to waive her right to challenge her guilty plea, conviction and sentence on appeal and under 28 U.S.C. § 2255 but her agreement to waive her right "shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel." *United States v. Washington*, Criminal No. 5:12-0065, Document No. 7, ¶ 12.

20, 2013, she filed a Memorandum in Support. (Document Nos. 36 and 39.) In her Motion, Movant

alleges three grounds for claiming entitlement to relief under Section 2255 as follows (Document

No. 36.):

> GROUND ONE: Ineffective assistance of counsel in violation of her Sixth
> Amendment rights as follows:
>
> > 1) Counsel of record Stephen Gaylock did not fully investigate the
> > matter and accepted AEP's and the government's calculations of the
> > loss amount prior to execution of the Plea Agreement.
> > 2) Attorney Gaylock failed to investigate the aggravating role
> > enhancement of the level four prior to entering into the Plea
> > Agreement. I was not a leader/organizer.
> > 3) Attorney Gaylock failed to object to my total relevant conduct at
> > sentencing as there were differing amounts in the PSR and the
> > Revised Presentence Report.
>
> GROUND TWO: The Restitution Order is in excess of the victim's loss. 18 U.S.C.
> § 3664(h) provides a discretionary mechanism [by] which Judges can apportion
> restitution.
>
> GROUND THREE: The aggravating role enhancement of 4 levels is inappropriately
> applied to Movant. Movant was not an organizer/leader.

In her Memorandum in Support (Document No. 39.), Movant contends that she "was prejudiced by

the mere fact that counsel representing her in the plea agreement did not fully investigate the matter

which resulted in a larger amount of restitution that resulted in a level 14 enhancement along with

the 4 level enhancement for being a leader/organizer. By counsel failing to investigate factual

information to the relevant conduct of Movant he could not determine if the plea agreement was in

the best interest of the Movant. This was an error of constitutional magnitude which had substantial

and injurious effect on the outcome of the term of imprisonment Movant received." Movant asserts

that "Movant's conduct was only relevant to $44,723.98, the amount of the checks that Movant

3

received."[4] Yet, she claims, she "received a 14 level enhancement for $400,000 in the PSR. Had she been held liable for the $44,723.98 her level enhancement would only be a level 6. A difference of 8 levels in terms of sentencing." Movant further contends that her attorney was ineffective in failing to investigate her role in the offense and object to the four level leader/organizer enhancement. Next, Movant contends citing 18 U.S.C. § 3664(h) that the Court should reassess her relevant conduct and its requirement that she pay restitution in consideration of her contribution to AEP's loss, $44,723.98. Finally, Movant asserts that she did not qualify as a leader/organizer in the scheme to defraud AEP. She states that she was not an employee of AEP, but another person involved in the scheme was and "held the position of trust in which this scheme had to function." In conclusion, Movant states that "[c]ounsel did not fully investigate the case and as a result Movant received a 14 level enhancement for the amount if the loss; which far exceeded her relevant conduct; and she also received a 4 level enhancement for being an organizer/leader. Had counsel effectively represented Movant her sentence would have fallen within the 6 – 12 month guidelines. As a result this prejudiced Movant and she received an extra 12 – 18 months of imprisonment."

## DISCUSSION

### A.    Ineffective Assistance of Counsel Claim.

When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that her trial attorney failed to render effective

---

[4] The undersigned notes that though Movant stipulated in pleading guilty that the total loss sustained by AEP as a result of the fraudulent scheme was approximately $598,485 (Document No. 7, p. 16.), Movant's attorney nevertheless apparently objected to the Office of Probation's recommendation in the PSR that the District Court require Movant to pay restitution in the total amount of AEP's loss jointly and severally with other co-conspirators (Document Nos. 16, pp. 2 - 3, and 21, pp. 48 - 49.).

4

assistance. <u>Strickland v. Washington</u>, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In <u>Strickland</u>, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. <u>Id.</u> The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. <u>Strickland</u>, 466 U.S. at 688- 89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

<u>Strickland</u>, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. <u>Goodson v. United States</u>, 564 F.2d 1071, 1072 (4th Cir. 1977) The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694, 104 S.Ct. at 2068; <u>Hill v. Lockhart</u>, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).[5] An attorney's mere mistake,

---

[5] A movant alleging his trial counsel's ineffectiveness in failing to investigate in *habeas* proceedings must demonstrate that an investigation would have revealed information presenting a reasonable probability of a different result in the criminal proceedings. "[B]are allegations do not suffice: 'A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome

ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that her attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that her attorney's performance prejudiced her such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S.  at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), *cert. denied*, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

    As a general matter, counsel for a defendant in criminal proceedings has a duty to investigate the circumstances underlying the charges against the defendant and to advise the defendant of possible defenses on the basis of obtained information so that the defendant can make informed decisions. Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996), cert. denied, 518 U.S. 1036, 117 S.Ct. 1, 135 L.Ed.2d 1098 (1996). Considering Mr. Savino's claim that his plea of guilty was not knowing and voluntary and allegations that his trial counsel's representation was defective, the Court stated in view of the Strickland standard and citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 370 - 371, 88 L.Ed. 2d 203 (1985), that "if there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error of failing to disclose or pursue it cannot be

_____

of the trial.'" *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993), *quoting United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

prejudicial." The Supreme Court stated in <u>Strickland</u> that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgment." <u>Strickland</u>, 466 U.S. at 691, 104 S.Ct. at 2066. The Court stated further as follows (<u>Id.</u>):

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts which support a potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not be later challenged as unreasonable.

First, the undersigned finds that Movant has made only bare allegations that her trial attorney was ineffective in representing her by failing to conduct an independent investigation into the amount of the loss which AEP sustained as a consequence of the fraudulent scheme in which she participated and her role in the offense. Movant does not allege with specificity in either of these regards what the investigation would have revealed and how it would have altered the outcome of the District Court proceedings. Movant's allegations are therefore insufficient to sustain her claim.

Second, assuming that Movant's allegations are sufficient to sustain her claim and that Movant's attorney failed to conduct an independent investigation into the amount of the loss which AEP sustained and her role in the offense though Movant wanted to dispute them, the undersigned finds that Movant's attorney was not constitutionally ineffective in representing her in these regards. Information respecting the loss attributable to the fraudulent scheme in which Movant participated

was in AEP's records, and the loss was easily and accurately calculated prior to Movant's agreement to plead guilty to be approximately $598,485. No doubt the United States disclosed this information and its calculation of the loss to Movant prior to her agreement to plead guilty. These circumstances made an independent investigation into the amount of AEP's loss unnecessary. Movant's attorney's decision not to conduct an investigation into the calculations in order to dispute them cannot be said to have fallen below an objective standard of reasonableness in view of these circumstances. Likewise, it is clear that the United States obtained information respecting Movant's role in the offense in discussions with a former AEP employee and co-conspirator and Movant prior to Movant's agreement to plead guilty. (Document No. 35, pp. 60 - 61.) No doubt it became clear then that Movant "had a major role . . . in the scheme" and was "the second most in the scheme" as the District Court found. (Id., p. 66.) Under these circumstances, it was not unreasonable for Movant's attorney to decide that he would not engage in an independent investigation into her role in the offense.

Finally, Movant contends that her attorney was ineffective in failing to object to her relevant conduct apparently urging that it should have been determined on the basis of her individual involvement in the conspiracy. It is well established, however, that a conspirator is liable for the conduct of all co-conspirators in furtherance of the conspiracy and reasonably foreseeable to her. Pinkerton v. United States, 328 U.S. 640, 646 - 647, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); United States v. Bollin, 264 F.3d 391, 422 (4th Cir. 2001)("[A] member of a conspiracy . . . is vicariously liable for the reasonably foreseeable conduct of his co-conspirators, both substantively and at sentencing."). It would have been inappropriate for Movant's attorney to object to her relevant conduct holding strictly to her individual involvement in the conspiracy insofar as it was obviously

8

inconsistent with the foreseeability component of this well established law. The undersigned finds nothing in the record remotely indicating that such an objection would have had any merit. Movant's attorney was therefore not ineffective in failing to make it.

In conclusion, the undersigned finds that Movant's trial attorney, Mr. Gaylock, was not ineffective in representing Movant as she claims. Indeed, it appears that Mr. Gaylock represented Movant very competently throughout the criminal proceedings in the District Court.

### B.   The Restitution Order and 18 U.S.C. § 3664(h) Claim.

Movant's claim respecting the District Court's order of restitution is not cognizable in these Section 2255 proceedings. First, it is clear that Movant waived her right to challenge her sentence under Section 2255. United States v. Washington, Criminal No. 5:12-0065, Document No. 7, ¶ 12. The District Court's requirement that she pay restitution is part of her sentence, and she has waived her right to raise it in these proceedings. Second, while Section 2255 provides relief in *habeas corpus* to defendants convicted and sentenced in Federal Courts, "a § 2255 motion may not be used for the sole purpose of challenging fines or restitution orders." United States v. Hudgins, 201 Fed.Appx. 142 (4th Cir. 2006)(determining that Movant's challenge of a fine under Section 2255 should have been construed as a claim under Section 2241, vacating District Judge Goodwin's order of dismissal of movant's Section 2255 claim and remanding for consideration of whether to transfer Movant's claim to the jurisdiction where he was in custody); Spears v. Rivera, 2012 WL 1097647 (D.S.C.), adopting Magistrate Judge Gossett's Report and Recommendation, 2012 WL 1097688 (D.S.C.).

Otherwise considering Movant's claim, the undersigned notes that the Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A, et seq., applied in her case. See 18 U.S.C. §

9

3663A(c)(1)(A)(ii)("(c)(1) This section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense – (A) that is – * * * (ii) an offense against property . . . including any offense committed by fraud or deceit[.]"); United States v. Llamas, 599 F.3d 381, 390 (4th Cir. 2010); United States v. Squirrel, 588 F.3d 207, 215 (4th Cir. 2009). 18 U.S.C. § 3664(f)(1)(A) provides that

> In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.

18 U.S.C. § 3664(h) provides that

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

As stated above, under conspiracy law, a conspirator is liable for the conduct of all co-conspirators in furtherance of the conspiracy and reasonably foreseeable to her. Pinkerton v. United States, 328 U.S. 640, 646 - 647, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); United States v. Bollin, 264 F.3d 391, 422 (4th Cir. 2001)("[A] member of a conspiracy . . . is vicariously liable for the reasonably foreseeable conduct of his co-conspirators, both substantively and at sentencing."). Thus, a conspirator is liable in restitution for losses due to the conduct of her co-conspirators in furtherance of the conspiracy and reasonably foreseeable to her and not simply for losses resulting from her individual conduct. United States v. Newsome, 322 F.3d 328, 338 (4th Cir. 2003). The District Court's requirement that Movant pay restitution in the amount of AEP's loss as it was foreseeable to her rather than based upon her  individual conduct is in conformity with the above statutory and case law.

### C.   Movant's Role in the Offense Enhancement.

As stated above, Movant waived her right to challenge her sentence under Section 2255

when she entered her agreement to plead guilty. By contesting the District Court's determination respecting her role in the offense, Movant is challenging her sentence. Her claim is therefore not cognizable in these proceedings. Considering Movant's claim notwithstanding her waiver, the undersigned notes that the record clearly supports the District Court's determination that Movant played a major role in the fraudulent scheme and addition of four offense levels for her role in the offense.

### PROPOSAL AND RECOMMENDATION

The undersigned therefore finds that Movant's claims in these Section 2255 proceedings are without merit, respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant relief under 28 U.S.C. § 2255 (Document No. 36.), and remove this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have seventeen (17) days (fourteen days, filing of objections, and three days, mailing/service) from the date of filing of these Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review

by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se*.

Date: November 19, 2013.

R. Clarke VanDervort
United States Magistrate Judge