UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

JULIA WASHINGTON,

    Movant

v.                                 CIVIL ACTION NOS. 2:13-22752
                                 (Criminal No. 2:12-0065)

UNITED STATES OF AMERICA,

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending is the movant's motion pursuant to 28 U.S.C. § 2255, filed September 10, 2013.  This action was previously referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

On February 29, 2012, the United States filed a single-count information charging the movant with a violation of 18 U.S.C. § 1349 and 2.  On April 2, 2012, the movant pled guilty to the charged offense.  On August 27, 2012, she was sentenced to a twenty-four (24) month term of imprisonment, a

three-year term of supervised release, restitution in the amount of $558,412.36, and a $100 special assessment.  She did not appeal from the Judgment.

On November 19, 2013, the magistrate judge filed his proposed findings and recommendation ("PF&R").  The magistrate judge recommends that the court deny the movant's section 2255 motion.

Movant requested an extension of time to file her objections, noting the recent appearance of counsel to represent her in this matter.  The court granted an extension until January 20, 2014, the date that the objections were received. Movant's objections, however, do not counter the magistrate judge's well-reasoned discussion.

The one and one-half page objections do not take issue with any of the principles on which the magistrate judge relied in the PFR, all of which were appropriately applied in rejecting the claims contained in the § 2255 motion.  The movant merely states:

> [P]etitioner believes that treating her as a principal in the same vein as Ms. Farmer was erroneous, that her counsel should have objected and that her sentencing should be reduced by at least two levels.

2

The reference to two levels is to the USSG § 2B1.1(b)(1) enhancement of twelve for a loss ranging from $200,000 to $400,000, instead of the enhancement of fourteen applied here for a loss of $400,000 to $1,000,000.  Even the movant in her objections acknowledges that the amount attributable to her in this conspiracy would, using her figures, reach at least $488,000 when there is counted not only some $288,000 for those the defendant recruited or assisted, but also an amount of some $200,000 for those that were in turn recruited by them.

The minimal discussion of ineffective counsel does not approach the rigorous showing demanded under Strickland v. Washington, 466 U.S. 668 (1984), and its progeny.  The court, accordingly, concludes that movant's objections lack merit.

Based upon a de novo review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R.  The court, accordingly, ORDERS that the section 2255 motion be, and hereby is, denied.  It is further ORDERED that this action be, and it hereby is, dismissed.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: May 29, 2014

_____
John T. Copenhaver, Jr.
United States District Judge